| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| STEVEN BROUSSARD, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| *versus* § | CIVIL ACTION NO. 1:15-CV-309 | |
| § | | |
| JEFFERSON COUNTY, G. MITCH § | | |
| WOODS, *individually and in his official* § | | |
| *capacity as Sheriff of Jefferson County*, § | | |
| § | | |
| Defendants. § | | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge. The court has received and considered the report (Doc. No. 21) of the magistrate judge, who recommends that Plaintiff Steven Broussard's claims be dismissed, but also that Broussard be permitted to amend his complaint to cure any deficiencies. Broussard filed timely objections (Doc. Nos. 23, 25) to the report and recommendation. The court has carefully reviewed Broussard's objections and concludes that the magistrate judge reached the correct result. Therefore, the court adopts the report and recommendation.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); Fed. R. Civ. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*

*v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

First, Broussard objects to the magistrate judge's finding that the complaint failed to state a First Amendment retaliation claim. The magistrate judge concluded that Broussard failed to satisfy the second element of a free speech retaliation claim "[b]ecause Broussard's speech was made pursuant to his official duties and not as a citizen . . . ." (Doc. No. 21, at 12); *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006) (stating that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."); *Davis v. McKinney*, 518 F.3d 304, 312 (5th Cir. 2008) ("'*Garcetti* . . . holds that before asking whether the subject-matter of particular speech is a topic of public concern, the court must decide whether the plaintiff was speaking "as a citizen" or as part of her public job.'") (quoting *Mills v. City of Evansville*, 452 F.3d 646, 647–48 (7th Cir. 2006)). Broussard cites the Supreme Court's decision in *Lane v. Franks*, 134 S. Ct. 2369 (2014), for the proposition that the magistrate judge followed too "strict" an interpretation of *Garcetti*. (Doc. No. 25, at 2.) In *Lane*, the Supreme Court reversed the Eleventh Circuit's holding that a public employee's testimony in court was made as an employee rather than as a citizen because he "learned of the subject matter of his testimony in the course of his employment . . . ." *Id*. at 2739–40. The Court stated that the Eleventh Circuit interpreted *Garcetti* "far too broadly" and clarified that:

> the mere fact that a citizen's speech concerns information acquired by virtue of his public employment does not transform that speech into employee—rather than citizen—speech. The critical question under *Garcetti* is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties.

*Id*. at 2379. As the Fifth Circuit recognized in *Gibson v. Kilpatrick*, *Lane* did not alter the analysis in *Garcetti*—rather, it is merely an "application of prior Supreme Court precedent." 773 F.3d 661, 667–69 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2318 (2015). The magistrate judge's analysis comports with *Lane*. As the report recognized, no single characteristic of Broussard's speech is dispositive, including whether he learned the subject matter of his speech on the job. (Doc. No. 21, at 8.) The report cites a number of other factors suggesting that Broussard's alleged speech was made pursuant to his official duties, including a detailed comparison of Broussard's duties—as alleged in his complaint—with the speech at issue in this case. (Doc. No. 21, at 8–12.) Should Broussard choose to amend his complaint as permitted by the magistrate judge's report, he must allege facts that plausibly suggest his speech was not "ordinarily within the scope of [his] duties . . . ." *Lane*, 134 S. Ct. at 2379. Broussard's objection is without merit.

Second, Broussard objects to the magistrate judge's finding that Defendant Mitch Woods is entitled to qualified immunity because his actions were not objectively unreasonable in light of clearly established law. (Doc. No. 23, at 5.) The magistrate judge concluded that it was not objectively unreasonable for Woods to believe that Broussard was speaking as an employee pursuant to his official duties, and therefore, that Broussard's speech was not protected under the First Amendment. (Doc. No. 21, at 13–14) ("Broussard's official duties included managing the payroll, budget, and supervision of twenty-nine JCSO employees. To a reasonable official in Sheriff Woods' position, each report Broussard made would appear to relate to at least one of these official job duties."); *see Garcetti*, 547 U.S. at 421. Broussard's objections do not identify a single instance of speech that was not at least debatably within the scope of his employment

3

duties. Instead, Broussard cites a number of cases for the general proposition that the alleged retaliation in this case was objectively unreasonable. (Doc. No. 23, at 5–6.) However, only one of the cases cited addresses the critical question at issue here—whether Broussard spoke as an employee pursuant to his official duties. In *Brawner v. City of Richardson*, the Fifth Circuit held that a police officer spoke as a citizen rather than as an employee when he sent a letter "not only to the police chief, but also to the mayor, city council members, and reporters at the local paper." 855 F.2d 187, 191 (5th Cir. 1988). The facts of *Brawner* are easily distinguished from the present case—there are no allegations that Broussard communicated with any outside sources, much less a public forum such as a newspaper. This objection is without merit.

Third, Broussard objects to the magistrate judge's finding that the claims against Woods in his official capacity are duplicative of the claims against Jefferson County, and therefore, should be dismissed. (Doc. No. 23, at 6.) Broussard argues the court is "not obligated" to dismiss the official capacity claims, and further argues that he "stated innumerable claims against Sheriff Woods separately from Jefferson County in his Original Complaint." (Doc. No. 23, at 6.) The court agrees with the magistrate judge that the claims asserted against Woods in his official capacity are duplicative of the claims asserted against Jefferson County and should be dismissed. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves."); *see, e.g., Jenkins v. City of Westwego*, No. 09-3033, 2009 WL 3062478, at *5 (E.D. La. Sept. 21, 2009) (citing *Becken*, 256 F.3d at 355). This objection is without merit.

4

Finally, Broussard objects to the magistrate judge's finding that he failed to state a plausible claim against Defendant Jefferson County. Broussard argues that Jefferson County is liable for any constitutional violations committed by Woods, because Woods is a "final policymaker" for the County. (Doc. No. 23, at 8.) While Broussard is correct that Woods is potentially a policymaker for whom Jefferson County may be liable, the magistrate judge, as previously discussed, correctly concluded that Woods' alleged conduct did not plausibly violate the First Amendment. This objection is without merit.

The Defendants' response to Broussard's objections does not appear to object to the magistrate judge's report. However, the response includes a proposed order for the court, which orders that Broussard's complaint be "DISMISSED with prejudice, and a final judgment be entered against [Broussard], and that [Broussard] take nothing against, or from, Defendants." (Doc. No. 24, attach. 1.) The magistrate judge's report does not recommend dismissal with prejudice or that a final judgment be entered against Broussard. Rather, the magistrate judge recommended that Broussard be permitted to amend his complaint. (Doc. No. 21, 18–19.) To the extent the Defendants object to this recommendation, the court overrules the objection and agrees with the magistrate judge that Broussard should be permitted to amend his complaint.

It is, therefore, **ORDERED** that Broussard's objections (Doc. No. 23) are **OVERRULED**; and the magistrate judge's report and recommendation (Doc. No. 21) is **ADOPTED**.

It is further **ORDERED** that Broussard will have **fourteen (14) days** from the date of this order to amend his complaint.

SIGNED at Beaumont, Texas, this 27th day of May, 2016.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE