```
UNITED STATES DISTRICT COURT          EASTERN DISTRICT OF TEXAS
```

| | |
|---|---|
| STEVEN BROUSSARD, § § *Plaintiff*, § § v. § § JEFFERSON COUNTY and G. MITCH § WOODS, Individually and in his Official § Capacity as Sheriff of Jefferson County, § § *Defendants*. § | CIVIL ACTION NO. 1:15-CV-309 |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE GRANTING MOTION TO DISMISS

This case is referred to United States Magistrate Judge Zack Hawthorn for pretrial management. Doc. No. 10. Pending before the court are Plaintiff Steven Broussard's objections (Doc. No. 45) to Judge Hawthorn's report and recommendation (Doc. No. 44) granting Defendants Jefferson County and Sheriff Mitch Woods' "12(b)(6) Motions to Dismiss Plaintiff's First Amended Complaint and Assertion of Qualified Immunity" (Doc. No. 30). Broussard timely filed objections to the report and recommendation.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The court has reviewed Broussard's objections and concludes that they are without merit. Broussard first argues that Judge Hawthorn's report misapplied *Davis v. McKinney*, which Broussard believes requires the court "'to consider the *Connick* factors of content, context, and form, and determine whether the speech is public or private based on these factors.'" Doc. No. 45, at 2 (quoting *Davis v. McKinney*, 518 F.3d 304, 311 (5th Cir. 2008) (quoting *Teague v. City of Flower Mound*, 179 F.3d 377, 382 (5th Cir. 1999))). What Broussard omits from his citation to *Davis*, however, is the Fifth Circuit's acknowledgment in the very next sentence of its opinion that the Supreme Court's holding in *Garcetti v. Ceballos* "changed this analysis in ways not yet fully determined." *Davis*, 518 F.3d at 311 (citing *Garcetti v. Ceballos*, 547 U.S. 410 (2006)). Thus, rather than continuing to apply the *Connick* factors of content, context, and form, as Broussard requests in the present matter, the *Davis* court acknowledged that *Garcetti* shifts the focus from the content of the speech to the role the speaker occupied at the time the speech was made. *Davis*, 518 F.3d at 312 (citing *Williams v. Dallas Indep. Sch. Dist.*, 480 F.3d 689, 692 (5th Cir. 2007). Accordingly, the *Davis* court parsed the six different communications at issue to determine which the Plaintiff made as an employee and which she made as a private citizen. *Id.* at 315-16.

Judge Hawthorn applied the same formula when considering Broussard's communications and distinguished between those he made as an employee and those he made to various members of the community as a private citizen. Doc. No. 44, at 9-11. After identifying the six instances where Broussard spoke as a private citizen, Judge Hawthorn concluded that Broussard failed to allege that Woods was aware of any of those instances, and thus failed to adequately allege the fourth element of his *prima facie* case for First Amendment retaliation. *See Dearman v. Stone Cnty. Sch. Dist.*, 832 F.3d 577, 581-82 (5th Cir. 2016); *Wetherbe v. Smith*, 593 F. App'x 323,

328 (5th Cir. 2014). Broussard does not contest this finding in his objections, and does not point to any facts alleged in his Amended Complaint that show Woods was aware of any comments Broussard made as a private citizen.

In his second objection, Broussard argues that Woods' conduct was objectively unreasonable and thus, he is not entitled to qualified immunity. Broussard provides two examples of his speech that allegedly prompted Woods to retaliate against him: (1) comments made at a Southeast Texas Tea Party meeting specifically naming Woods and (2) Broussard's statement that he refused to authorize what he believed to be fraudulent overtime sheets. Doc. No. 45, at 6. As to the overtime sheets, taking Broussard's allegations of Woods' threats to be true, Broussard's comments were related to his job duties and are not entitled to First Amendment protection. *See Wilson v. Tregre*, 787 F.3d 322, 325 (5th Cir. 2015). Regarding the comments made at the Tea Party meeting, Broussard asserts that he "specifically named" Woods in his allegations of corruption and wasteful spending at the JCSO. Doc. No. 45, at 6. However, other than conclusory statements, Broussard still fails to adequately allege facts in his Amended Complaint or in his objections that Woods was *aware* of Broussard's comments and they motivated Woods' actions, a necessary prerequisite to a First Amendment retaliation claim. *See Wetherbe*, 593 F. App'x at 328 ("Wetherbe has not alleged that Smith was aware of this speech or that it motivated his actions. Because these are requirements of Wetherbe's claim for First Amendment retaliation, this deficiency means that Wetherbe's claim fails to defeat [qualified immunity].").

Accordingly, Broussard's objections are overruled and Judge Hawthorn's report and recommendation is **ADOPTED**. Broussard's claims are dismissed with prejudice. All pending

3

motions in this matter are denied, and the Clerk of Court is directed to close this case. A final judgment will be entered separately.

SIGNED at Beaumont, Texas, this 22nd day of March, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE